UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROZINA KIMANI MUTHOKA, a/k/a
ROZINA JONES WILLIAMS, a/k/a ROZINA
RHONDA JONES WILLIAMS, a/k/a
ROZINA WILLIAMS,

                   Plaintiff,

       v.

STATE OF MISSOURI and COUNTY OF ST.
LOUIS,

              Defendants.

**ORDER**

23-CV-8314 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Rozina Kimani Muthoka,[1] who is incarcerated at the St. Louis County Jail in

Missouri, filed the instant *pro se* submission on November 7, 2023.  ECF No. 1 (Complaint).

Plaintiff also filed a document styled as a "Motion for Leave to Proceed in forma pauperis" that

does not contain any details about her inability to pay the filing fee.  ECF No. 2 (IFP Motion).

Plaintiff did not submit the Prisoner Authorization form required by the Prisoner Litigation

Reform Act.  28 U.S.C. § 1915.

Pursuant to the venue provision governing federal question jurisdiction, a civil action

must be filed in the judicial district in which any defendant resides, where a substantial part of

the events or omissions giving rise to the claim occurred, or where a substantial part of property

that is the subject of the action is situated.  *See* 28 U.S.C. § 1391(b).  In this case, it appears that

the only named defendants against whom claims are asserted are the State of Missouri and the

---

[1]     Plaintiff uses multiple names in this filing and in actions she has filed in other courts.

County of St. Louis.[2]  ECF No. 1 at 2.[3]  Although it is difficult to understand the nature of

Plaintiff's alleged injury, the complaint mentions "barbarous acts tortiously being inflicted upon

Plaintiff," state criminal cases in Missouri, bankruptcy proceedings in the United States

Bankruptcy Court for the Eastern District of Missouri, seizure by law enforcement agents in St.

Louis County, and extradition from Georgia.  *Id.* at 1, 3, 9.   Plaintiff also references numerous

prior lawsuits that she filed in the United States District Courts for the Eastern District of

Missouri and the District of Columbia.  *Id.* at 1, 14.

Plaintiff also claims that "[t]he parties in this crossclaim, counterclaim for Civil Rights

Removal 1964 Begin its injury right here in the Eastern District of Brooklyn New York [sic]."

*Id.* at 1.  She states that she "seeks this venue due to Alien Enemies Act of 50 U.S.C. § 21," and

"due to the United Nations Charter Headquarters."  *Id.* at 3, 6.  Plaintiff, however, does not

describe any events relevant to her case that occurred in New York.

A district court may transfer a case filed in the wrong district to any district in which it

could have been brought.  *See* 28 U.S.C. § 1406(a).  Since Plaintiff is in custody in Missouri and

mentions events that occurred in St. Louis County and the United States Bankruptcy Court for

the Eastern District of Missouri, this Court hereby transfers the action to the United States

---

[2]      Although the docket also lists The Bank of New York Mellon Trust Company ("BNY Mellon") as a defendant, Plaintiff's complaint largely addresses only injuries inflicted by the State of Missouri and the County of St. Louis.  The only clear reference to BNY Mellon in the complaint is a statement that "the Bank of New York Mellen [sic] Trust Company infringed upon Plaintiff's Consumer Rights of protection and Constitutional Rights Annexed with their private agent's [sic], State of Missouri and Attorneys Millsap & Singer LLC.  . ."  *Id.* at 6.  This reference alone is not sufficient to permit a conclusion that Plaintiff intended to name BNY Mellon as a Defendant in this action.

[3]      As the pages of the submission are not consecutively paginated, the Court refers to the pages assigned by the Electronic Case Files system ("ECF").

District Court for the Eastern District of Missouri.   *See* 28 U.S.C. § 105(a) (stating that St. Louis County is part of the Eastern District of Missouri).

Action on the incomplete application to proceed without the prepayment of fees and the missing Prisoner Authorization form is reserved for the transferee court, and this Court offers no opinion on the merits of Plaintiff's claims.  Summons shall not issue from this Court.

For the reasons set forth above, the Court hereby transfers this case to the U.S. District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1406(a).  The Court respectfully directs the Clerk of Court immediately to transfer the case and waives compliance with Rule 83.1 of the Local Rules for the Eastern District of New York, which otherwise imposes a seven-day delay in the transfer of relevant case materials.

SO ORDERED.

_____*/s/ Hector Gonzalez*_____
**HECTOR GONZALEZ**
United States District Judge

Dated:        Brooklyn, New York
              November 17, 2023

3